■ RICHARD A. FORGET, Appellant, v MARY LA BOMBARD et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendants, entered March 9, 1976 in Albany County, upon a decision of the court at a Trial Term, without a jury, which dismissed the complaint for failure of proof. In this action plaintiff seeks to recover damages as a result of a collision wherein his automobile, while stopped for a red light, was allegedly struck in the rear by a vehicle owned by defendant Woods and operated by defendant La Bombard. Following a trial without a jury, at which defendants presented no evidence, the court found that plaintiff's car had been damaged in the mishap and that said damage had been caused by the negligent operation of the Woods' vehicle by La Bombard. Nonetheless, the court dismissed the complaint upon finding that the evidence adduced by plaintiff as to his damages was either incompetent or incredible, and it further denied plaintiff's motion for a new trial of the action. This appeal ensued. We hold that there must be a new trial limited solely to the issue of plaintiff's damages. That plaintiff's car was damaged in the accident and defendants should be liable in negligence therefor was clearly demonstrated during the trial. Since the proof of the amount of plaintiff's damages was inadequate and unsatisfactory, however, the trial court dismissed the complaint. In our view, under the peculiar circumstances presented, the interests of justice require a new trial of the damage question. Judgment reversed, on the law and the facts, and new trial limited solely to the question of damages ordered, with costs to abide the event. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of CARRIE HAZZARD, Appellant, v COMMODORE HOTEL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 27, 1970, which denied claimant benefits. The board found that "After considering all the evidence introduced herein, the Board finds claimant did not sustain the accidental injury as alleged and that her claims of accidental injury are an after thought." This finding is supported by substantial evidence. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.